IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11-CR-229-ALM-AGD-1 |
| | § | |
| JIMMY DALE ALEXANDER | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Jimmy Dale Alexander's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 9, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Chris Rapp.

Defendant was sentenced on October 19, 2012, before The Honorable United States Fifth Circuit Judge Catharina Haynes sitting by designation for the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 120 to 135 months. Defendant was subsequently sentenced to 132 months imprisonment followed by a five-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and to obtain his GED. However, on May 26, 2016, Defendant's term of imprisonment was reduced to 120 months. On September 25, 2020, Defendant completed his period of imprisonment and began service of the supervision term. The case was subsequently reassigned to Judge Amos L. Mazzant

III. On May 23, 2022, the terms of supervision were modified to include substance abuse testing and treatment.

On May 10, 2023, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #41, Sealed). The Petition asserts that Defendant violated six conditions of supervision, as follows: (1) (standard) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (2) (standard) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (3) (standard) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons; (4) (standard) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (5) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (6) (special) Defendant shall acquire a General Educational Development (GED) certificate (Dkt. #41 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) Defendant failed to submit a truthful monthly supervision report since on or about May 2022. Defendant has also failed to change employment status. Defendant failed to submit a monthly supervision report as instructed for the month of April 2023; (2) Defendant was scheduled for an office visit on March 31, 2023, at 9:00 a.m. but did not report as instructed. Defendant was scheduled for an office visit on May 2, 2023, at 12:00 p.m. but did not report as instructed; (3) Defendant has failed to work full-time at a lawful type of employment since on or about May 2022; (4) On or about March 2023, Defendant moved out of his residence without notifying the probation officer; (5) On April 11,

2022, Defendant tested positive for marijuana and cocaine, which was confirmed by the lab. On December 16, 2022, Defendant tested positive for and admitted verbally to using marijuana; and (6) Defendant has failed to acquire his GED. (Dkt. #41 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1)–(4) and (6). Defendant entered a plea of true to allegation (5) of the Petition.

Having considered the Petition and the plea of true to allegation (5), the court finds that Defendant did violate his conditions of supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eight (8) months with no supervised release to follow.

The court further recommends that allegations (1)–(4) and (6) be dismissed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Milan, Michigan, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 7th day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE